JACKSON LEWIS P.C.
DALE R. KUYKENDALL (SBN 148833)
NATHAN W. AUSTIN (SBN 219672)
801 K Street, Suite 2300
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: kuykendd@jacksonlewis.com
       austinn@jacksonlewis.com

Attorneys for Defendant
HOMETEAM PEST DEFENSE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DOMENIGONI,<br><br>Plaintiff,<br><br>v.<br><br>HOMETEAM PEST DEFENSE, INC., and DOES 1 through 5, inclusive<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT HOMETEAM PEST DEFENSE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**28 U.S.C. §§ 1332(a), 1441(a), 1446**<br><br>Complaint Filed: 12.16.13<br>Trial Date: None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant HOMETEAM PEST DEFENSE, INC. ("Defendant"), hereby removes the below referenced action from the Superior Court in the State of California for the County of Sacramento to the United States District Court for the Eastern District of California, Sacramento Division. The removal is based on 28 U.S.C. sections 1332(a), 1441(b), and 1446, and, specifically, on the following grounds:

**JURISDICTION**

1. This Court has jurisdiction over this action because it is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. sections 1441(b) and 1446 in that it is a civil

///

action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. On or about December 16, 2013, Plaintiff ANTHONY DOMENIGONI ("Plaintiff") filed an action in the Superior Court of the State of California, in and for the County of Sacramento, entitled *Anthony Domenigoni v. Hometeam Pest Defense, Inc., and Does 1 through 5, inclusive*, which was designated by that court as case number 34-2013-00156104. True and correct copies of the Summons, Complaint, and Civil Cover Sheet are attached hereto as **Exhibit A.** Plaintiff's Complaint alleges the following three causes of action against Defendant: (1) "Breach of Labor Code: Failure to Pay Overtime; (2) Breach of Labor Code: Failure to pay All Wages Owed at Termination of Employment; and (3) Breach of Labor Code: Failure to Keep Accurate Timecards."

3. Defendant first received a copy of Plaintiff's Complaint on January 17, 2014, when Plaintiff served Defendant with the Complaint.

4. Plaintiff alleges in his Complaint at paragraph 1 that he is a resident of Sutter County in the State of California. Defendant is informed and thus believes that Plaintiff is a citizen of the State of California.

5. Defendant was, and still is, a corporation formed under the laws of the State of Delaware. Defendant's principal place of business is in the State of Texas because Defendant's corporate headquarters are located in Dallas, Texas, which is also where Defendant's senior corporate managers are located and where they direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center'").

///

///

6. Other than Defendant, the only defendants named in Plaintiff's Complaint are fictitious parties identified as "Does 1 through 5," whose citizenship shall be disregarded for the purpose of removal. (28 U.S.C. §1441(b)(1).)

7. Counsel for Defendant specializes in representing employers in employment matters, including actions alleging wage and hour violations, wrongful termination, disability discrimination, age discrimination, and retaliation. Based on this expertise and experience, the nature of Plaintiff's allegations, and the relief sought by Plaintiff, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. This conclusion was reached based in part on the following allegations in Plaintiff's complaint:

(a) Plaintiff alleges in his Complaint, among other things, that Defendant failed to pay overtime correctly, failed to provide accurate wage statements, and failed to pay all wages owing at the termination of Plaintiff's employment. (*See generally*, Complaint.)

(b) Plaintiff further alleges in his complaint that he has incurred damages as follows: "1. For compensatory damages in an amount to be proven at trial; 2. For special damages in an amount to be proven at trial; 3. For general damages in an amount to be proven at trial; 4. For interest on Plaintiff's compensatory damages at the maximum rate allowed by law; 5. For reasonable costs; 7. For punitive damages; 8. For attorney's fees and costs; and 9. For such other and further relief as this Court deems just and proper." (Complaint, pp. 4 – 5.)

## TIMELINESS OF REMOVAL

9. This Notice of Removal is filed within 30 days after Defendant was served with the Complaint on January 17, 2014. This Notice therefore is filed within the time period provided by 28 U.S.C. section 1446(b).

## VENUE

10. Venue properly lies in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. sections 1391(a) and 1441(b) because the state court action was filed in this District and this is the judicial district in which the action arose.

///

///

**PLEADINGS FILED IN STATE COURT**

11. Attached as **Exhibit B** is a true and correct copy of Defendant's Answer to the Complaint, filed in the State Court on or about February 13, 2014.

12. Attached as **Exhibit C** is a true and correct copy of a Notice of Case Management Conference and Order to Appear dated January 9, 2014.

13. Other than **Exhibits A, B, and C**, Defendant is not aware of any other pleadings and orders previously filed in this action.

**NOTICE TO PLAINTIFF AND STATE COURT**

14. In accordance with 28 U.S.C. section 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of Sacramento County Superior Court. As a result, all procedural requirements under 28 U.S.C. section 1446 are satisfied.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California, County of Sacramento, be removed to this Court.

Dated: February 14, 2014         JACKSON LEWIS P.C.

By: */s/ Dale R. Kuykendall*
    DALE R. KUYKENDALL
    NATHAN W. AUSTIN

Attorneys for Defendant
HOMETEAM PEST DEFENSE, INC.

# **PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 801 K Street, Suite 2300, Sacramento, California 95814.

On February 14, 2014, I served the within:

**DEFENDANT HOMETEAM PEST DEFENSE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐ **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐ **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Robert P. Henk, Esq.<br>Sheri L. Leonard, Esq.<br>HENK LEONARD<br>2260 Douglas Boulevard, Suite 200<br>Roseville, CA 95661 | **ATTORNEYS FOR PLAINTIFF**<br>**ANTHONY DOMENIGONI**<br>Telephone: (916) 787-4544<br>Facsimile: (916) 787-4530<br>Email: henkleonard@aol.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 14, 2014, at Sacramento, California.

*/s/ Tami J. Martinelli*
Tami J. Martinelli

Proof of Service