# EXHIBIT A

ROBERT P. HENK    (147490)
SHERI L. LEONARD (173544)
**HenkLeonard**
**A Professional Law Corporation**
2260 Douglas Blvd., Suite 200
Roseville, CA 95661
Telephone:    (916) 787-4544
Fax:            (916) 787-4530

Attorneys for Plaintiff
**ANTHONY DOMENIGONI**

FILED
Superior Court Of California,
Sacramento
12/16/2013 cn
emedina
By _____, Deputy
Case Number:
**34-2013-00156104**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| **ANTHONY DOMENIGONI** | **CASE NO.:** |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** |
| vs. | |
| **HOMETEAM PEST DEFENSE, INC.,** and **DOES 1 through 5**, inclusive, | 1. **BREACH OF LABOR CODE: FAILURE TO PAY OVERTIME;** 2. **BREACH OF LABOR CODE: FAILURE TO PAY ALL WAGES OWED AT TERMINATION OF EMPLOYMENT;** |
| Defendant. | 3. **BREACH OF LABOR CODE: FAILURE TO KEEP ACCURATE TIMECARDS.** |

COMES NOW, Plaintiff, **ANTHONY DOMENIGONI**, individually, alleging against Defendants, **HOMETEAM PEST DEFENSE, INC.** as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff **ANTHONY DOMENIGONI**, is an individual, and a resident of Sutter County, State of California.

2.     Plaintiff is informed, believes, and thereon alleges that Defendant **HOMETEAM PEST DEFENSE, INC.,** is, and at all times mentioned herein was a business entity, operating in the County of Sacramento, State of California.


Complaint For Damages

3.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as **DOES 1 through 5**, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff' damages, as herein alleged, were proximately caused by their conduct. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when they are ascertained.

4.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, each Defendant may have been an agent, servant and/or employee each of the remaining Defendants and may have acted pursuant to a common plan, that each Defendant may have authorized, negligently supervised and/or ratified each act of each remaining Defendant, and that each Defendant may be the alter ego of each of the remaining Defendants. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, were and are responsible for the acts causing Plaintiff damages as hereinafter alleged.

5.     Plaintiff began his employment with Defendant on or about April 1, 2006 as an Installer who was responsible for installing Defendant's built-in pest control system into new homes. Due to his hard work and dedication, Plaintiff was promoted to the job position of Technician. As a Technician, Plaintiff was responsible for servicing Defendant's customers as well as generating sales for Defendant's business.

6.     Plaintiff was compensated from his employment with Defendant by being paid an hourly rate of pay (e.g., $14.86 at the end of his employment), as well as seperate commissions based on both sales and production.

7.     At all times during Plaintiff employment he was a non-exempt employee who earned premium pay for hours worked over eight in a day and/or over forty in a week. Unfortunately, Defendant failed to calculate Plaintiff's daily rate of pay accurately by not always including his sales commissions and by never including his production commissions. As a result, Plaintiff's pay received for overtime work performed was not accurate. By not including his commissions into his regular rate of pay, Plaintiff was underpaid for overtime hours worked for Defendant. Defendant is and was aware that they were calculating Plaintiff's overtime pay in a wrongful manner by not including all of Plaintiff's forms of compensation into its calculation.

8.    On or about October 4, 2013, Plaintiff resigned his employment.  To date, Defendant has failed and continues to fail to accurately pay Plaintiff the monies he is owed for overtime hours worked for Defendant.

## FIRST CAUSE OF ACTION

### Breach of Labor Code:  Failure to Pay Overtime Wages

9.    Plaintiff incorporates by reference, as if fully set forth herein, the provisions of paragraphs 1 through 8 of this Complaint.

10.    The Labor Code authorizes the IWC to promulgate orders regulating wages, hours and working conditions throughout California.  The overtime orders establish daily and weekly overtime requirements for nonexempt employees.  Pursuant to California law, overtime is computed based on an employee's regular rate of pay.  The regular rate of pay includes many different kinds of remuneration, including but not limited to hourly earnings, certain bonuses and the value of meals and lodging.  At all times during his employment, Plaintiff alleges and believes that Defendant failed to accurately calculate Plaintiff's regular rate of pay.

11.    California Labor Code § 1194 allows that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the overtime compensation owed.

12.    Plaintiff is entitled to recover from Defendant, pursuant to California Labor Code §1194 and §1194.2, all unpaid overtime compensation and an additional amount as liquidated damages.  In addition, Plaintiff is entitled to recover an award for reasonable attorneys' fees to be paid by the Defendant, and costs of the action.

**WHEREFORE,** Plaintiff prays judgment against Defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Breach of Labor Code:

### Failure to Pay All Wages Due at Termination of Employment

13.    Plaintiff incorporates herein, as though fully set forth at length, each and every allegation set forth in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

Complaint For Damages

14.    Defendant has failed to pay Plaintiff his compensation owed based on the overtime hours he worked during his employment.    Defendant knew that the compensation was owed, and refused and continues to refuse to compensate Plaintiff accurately for services rendered to Defendant.

15.    Plaintiff is entitled to recover from Defendant, pursuant to the California Labor Code section 202 and 203, all unpaid compensation and an additional amount as a waiting-time penalty.  In addition, Plaintiff is entitled to recover an award for reasonable attorneys' fees to be paid by the Defendant, and the costs of the action.

**WHEREFORE,** Plaintiff prays judgment against Defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION

**Breach of Labor Code:  Failure to Provide Accurate Information on Wage Statements**

22.    Plaintiff incorporates by reference, as if fully set forth herein, the provisions of paragraphs 1 through 21 of this Complaint.

23.    Pursuant to California Labor Code §226, California employers are required to provide every employee with an accurate wage statement that accurately sets forth the employee's gross wages amongst other things.  Plaintiff did not receive accurate information on his paycheck stubs for many reasons, including the fact that they failed to accurately show his accurate rate of pay for overtime wages worked.

24.    Plaintiff is entitled to a penalty of: (1) $50 for the initial pay period in which a violation occurs and $100 per employee per pay period for each additional violation up to $4,000 plus an award of reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff prays judgment against Defendants as follows:

1.    For compensatory damages in an amount to be proven at trial.

2.    For special damages in an amount to be proven at trial.

3.    For general damages in an amount to be proven at trial.

4.    For interest on Plaintiff's compensatory damages at the maximum rate allowed by law.

5.    For reasonable costs.

Complaint For Damages

4

6.    For jury trial.

7.    For punitive damages.

8.    For attorney's fees and costs.

9.    For such other and further relief as this Court deems just and proper.

Dated: December 13, 2013

HENKLEONARD
A Professional Law Corporation

SHERI L. LEONARD
Attorney for Plaintiff
**ANTHONY DOMENIGONI**

Complaint For Damages

5

# EXHIBIT B

1   JACKSON LEWIS P.C.
    DALE R. KUYKENDALL (SBN 148833)
2   NATHAN W. AUSTIN (SBN 219672)
    801 K Street, Suite 2300
3   Sacramento, California 95814
    Telephone:  (916) 341-0404
4   Facsimile:   (916) 341-0141

5   Attorneys for Defendant
    HOMETEAM PEST DEFENSE, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10  ANTHONY DOMENIGONI,                    Case No. 34-2013-00156104

11                                         **DEFENDANT HOMETEAM PEST**
                     Plaintiff,            **DEFENSE, INC.'S ANSWER TO**
12                                         **PLAINTIFF'S COMPLAINT FOR**
            v.                             **DAMAGES**
13
    HOMETEAM PEST DEFENSE, INC., and       Complaint Filed:        12.16.13
14  DOES 1 through 5, inclusive            Trial Date:             None Set

15                  Defendants.

16

17         Defendant HOMETEAM PEST DEFENSE, INC. ("Defendant") hereby answers the

18  Complaint for Damages ("Complaint") filed by Plaintiff ANTHONY DOMENIGONI

19  ("Plaintiff") as follows:

20                            **GENERAL DENIAL**

21         Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and

22  specifically, each and every allegation contained in Plaintiff's Complaint.

23                         **AFFIRMATIVE DEFENSES**

24         By way of affirmative defenses to the allegations of the Complaint herein, Defendant

25  alleges as follows:

26  ///

27  ///

28  ///

                                        1

1

### FIRST AFFIRMATIVE DEFENSE

2    Plaintiff's Complaint, and each purported cause of action, is subject to binding arbitration.

3  This entire action should accordingly be transferred to binding arbitration and this action should

4  then be dismissed and/or stayed.

5

### SECOND AFFIRMATIVE DEFENSE

6    The Complaint as a whole, and each purported cause of action alleged therein, fails to

7  state facts sufficient to constitute a cause of action against Defendant.

8

### THIRD AFFIRMATIVE DEFENSE

9    Plaintiff's Complaint, and each alleged cause of action, is barred in whole or in part by the

10  applicable statutes of limitations, including, but not limited to, the statutes of limitations set forth

11  in California Code of Civil Procedure sections 338(a), 339, and 340.

12

### FOURTH AFFIRMATIVE DEFENSE

13    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

14  barred in whole or in part because, based on the hours worked, Plaintiff is not entitled to overtime

15  compensation under the Labor Code and the applicable Wage Orders of the California Industrial

16  Welfare Commission.

17

### FIFTH AFFIRMATIVE DEFENSE

18    Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay

19  overtime wages, is barred to the extent Plaintiff failed to work and/or to record all time worked as

20  reasonably expected and required by Defendant.

21

### SIXTH AFFIRMATIVE DEFENSE

22    To the extent Plaintiff's Complaint, and any purposed cause of action alleged therein,

23  asserts claims based on alleged off-the-clock work, such claims are barred because off-the-clock

24  work was prohibited by Defendant, and any such work was not reported by Plaintiff to Defendant.

25

### SEVENTH AFFIRMATIVE DEFENSE

26    Plaintiff's claim for penalties under California Labor Code sections 1194 and 1194.2 is

27  unconstitutionally vague, and unconstitutional as excessive and double fines, under the California

28  Constitution and the United States Constitution.

2

1

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for penalties under Labor Code section 226 is barred, in whole or in part, because Defendant's alleged conduct was not knowing and intentional, and because Plaintiff did not suffer injury as a result of Defendant's alleged noncompliance with section 226.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for waiting time penalties under Labor Code section 203 is barred, in whole or in part, because Defendant's alleged conduct was not willful.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged cause of action, is barred in whole or in part by the doctrine of laches, waiver, estoppel, and/or unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because the imposition of such damages violates the United States and California Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because Defendant acted in good faith and consistent with its policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged cause of action therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

\*\*\*

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within actions. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

///

3

1        WHEREFORE, Defendant prays for judgment as follows:

2        1.      That Plaintiff takes nothing by his Complaint;

3        2.      That the Complaint be dismissed in its entirety with prejudice;

4        3.      That Plaintiff be denied each and every demand and prayer for relief contained in

5    the Complaint;

6        4.      For cost of suits incurred herein, including reasonable attorneys' fees; and

7        5.      For such other and further relief as the Court deems just and equitable.

8    Dated: February 13, 2014                    JACKSON LEWIS P.C.

9

10                                               By: _____

11                                               DALE R. KUYKENDALL
                                                 NATHAN W. AUSTIN

12                                               Attorneys for Defendant
                                                 HOMETEAM PEST DEFENSE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 801 K Street, Suite 2300, Sacramento, California 95814.

On February 13, 2014, I served the within:

**DEFENDANT HOMETEAM PEST DEFENSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐   **PERSONAL SERVICE -** by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒   **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐   **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐   **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐   **ELECTRONIC MAIL -** by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Robert P. Henk, Esq.<br>Sheri L. Leonard, Esq.<br>HENK LEONARD<br>2260 Douglas Boulevard, Suite 200<br>Roseville, CA 95661 | **ATTORNEYS FOR PLAINTIFF**<br>**ANTHONY DOMENIGONI**<br><br>Telephone:   (916) 787-4544<br>Facsimile:   (916) 787-4530<br>Email:   henkleonard@aol.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 13, 2014, at Sacramento, California.

Tami J. Martinelli

# EXHIBIT C

JAN JAN 1 3 REC'D

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:    Gordon D Schaber Courthouse<br><br>PHONE NUMBER:    (916) 874-5522 | *FOR COURT USE ONLY* |

| | |
|---|---|
| **SHORT TITLE:**    Domenigoni vs. Hometeam Pest Defense Inc | |

| | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2013-00156104-CU-OE-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 09/04/2014 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed In Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**    Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/09/2014

_Gerrit W Wood_

Gerrit W. Wood, Judge of the Superior Court

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720 Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Domenigoni vs. Hometeam Pest Defense Inc

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>34-2013-00156104-CU-OE-GDS |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Notice of Case Management Conference and Order to Appear was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 01/10/2014.

Clerk of the Court, by: _____ /s/ E. Medina _____ , Deputy

ROBERT P HENK
HENK LEONARD
2260 DOUGLAS BOULEVARD # STE 200
ROSEVILLE, CA 95661

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)